UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:09-CR-262 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| ALFONSO RIVERA-AVALOS, et al., | |
| Defendant(s). | |

Presently before the court is petitioner Juan Rodriguez's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. (ECF No. 387). The United States of America ("the government") filed a response (ECF No. 397), to which petitioner replied (ECF No. 401).

**I.    Background**

In April 2014, petitioner was sentenced to five years in custody for conspiracy to distribute methamphetamine, possession of a firearm in furtherance of a drug trafficking crime, and being a felon in possession of a firearm following a guilty verdict in a jury trial. (ECF No. 213). After an appeal that affirmed the conviction but vacated the sentence, this court resentenced petitioner to 180 months in prison on the same counts. (ECF No. 310).

After petitioner's conviction, the Supreme Court decided *Rehaif v. United States*. 139 S. Ct. 2191 (2019). In *Rehaif*, a defendant—a foreign student who overstayed his visa and was unaware of his illegal status—successfully challenged his conviction for possessing a firearm. *Id.* at 2194–95. After *Rehaif*, to obtain a conviction under 28 U.S.C. §922(g), the government "must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200. "For example, in a

**James C. Mahan**
**U.S. District Judge**

1   felon-in-possession prosecution under § 922(g)(1), the defendant must know that his or her prior
2   conviction was punishable by more than one year of imprisonment." *United States v. Singh*, 979
3   F.3d 697, 727 (9th Cir. 2020). Petitioner now moves to vacate his conviction under 28 U.S.C. §
4   2555 in light of *Rehaif*. (ECF No. 387).

**II.     Legal Standard**

Federal prisoners "may move . . . to vacate, set aside or correct [their] sentence" if the court imposed the sentence "in violation of the Constitution or laws of the United States . . . ." 28 U.S.C. § 2255(a). Section 2255 relief should be granted only where "a fundamental defect" caused "a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 345 (1974); *see also Hill v. United States*, 368 U.S. 424, 428 (1962).

Limitations on § 2255 motions are based on the fact that the movant "already has had a fair opportunity to present his federal claims to a federal forum," whether or not he took advantage of the opportunity. *United States v. Frady*, 456 U.S. 152, 164 (1982). Section 2255 "is not designed to provide criminal defendants multiple opportunities to challenge their sentence." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

"When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent § 2255 petition." *United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000). Further, "[i]f a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so," the defendant is in procedural default. *Johnson*, 988 F.2d at 945; *see also Bousley v. United States*, 523 U.S. 614, 622 (1998).

Defendants who fail to raise an issue on direct appeal may later challenge the issue under § 2255 only if they demonstrate: (1) sufficient cause for the default; and (2) prejudice resulting from it. *See Bousley*, 523 U.S. at 622. The "cause and prejudice" exception revives only defaulted constitutional claims, not nonconstitutional sentencing errors. *United States v. Schlesinger*, 49 F.3d 483, 485 (9th Cir. 1994).

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

**III.     Discussion**

    *a.  Jurisdiction*

An indictment must sufficiently charge an "offense[] against the laws of the United States." 18 U.S.C. § 3231; *see also United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003). Yet the Supreme Court in *United States v. Cotton* held that "defects in an indictment do not deprive a court of its power to adjudicate a case." 533 U.S. 625, 630 (2002). A claim that "the indictment does not charge a crime against the United States goes only to the merits of the case." *Id.* at 630–31 (quoting *Lamar v. United States*, 240 U.S. 60, 65 (1916)). The Ninth Circuit has since held that an indictment's omission of a knowledge of status element does not deprive the court of jurisdiction. *See, e.g.*, *United States v. Espinoza*, 816 F. App'x 82, 84 (9th Cir. 2020); *United States v. Velasco-Medina*, 305 F.3d 839, 845–46 (9th Cir. 2002). Thus, the court rules that it did not lack jurisdiction despite the indictment not charging the *Rehaif* knowledge element.

    *b.  Procedural Default*

A claim not raised on direct appeal is procedurally defaulted and can only be raised in a § 2255 motion if the petitioner can show cause and actual prejudice or actual innocence. *See Bousley*, 523 U.S. at 622. "[W]here the claim rests upon a new legal or factual basis that was unavailable at the time of direct appeal," a petitioner has cause for failure to raise the claim on direct appeal. *Braswell*, 501 F.3d at 1150. Actual prejudice requires the petitioner to show "not merely that the errors at . . . trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Frady*, 456 U.S. at 170.

Petitioner has shown cause because *Rehaif* "overturn[ed] a longstanding and widespread practice to which [the] Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved." *Reed v. Ross*, 468 U.S. 1, 17 (1984). But petitioner cannot show actual prejudice.

At trial, petitioner stipulated that at the time of the conduct underlying the instant conviction he had previously been convicted of a felony. (ECF No. 185 at 2). It is implausible that petitioner did not know he was a convicted felon. *Accord United States v. Beale,* No. 2:17-

James C. Mahan
U.S. District Judge

cr-00050-JAD-CWH-1, 2021 WL 325713, at 3 (D. Nev. Feb. 1, 2021) ("Beale must still show 'actual prejudice' to excuse his default. Beale can't do so with a criminal record and sentencing history like his."); *United States v. Lowe*, No. 2:14-cr-00004-JAD-VCF, 2020 WL 2200852, at *1 n.15 (D. Nev. May 6, 2020) (collecting cases in which defendants' prior felony convictions precluded a finding of actual prejudice). "Felony status is simply not the kind of thing that one forgets." *United States v. Greer*, 141 S. Ct. 2090, 2100 (2021).

In addition, the court will not rule that *Rehaif* error is a structural error that excuses petitioner from showing actual prejudice. That is because structural errors are a very limited class of errors that affect the framework within which the trial proceeds, such that it is often difficult to assess the effect of the error. *See United States v. Marcus*, 560 U.S. 258, 263 (2010). And ruling otherwise would be imprudent based on the Ninth Circuit's treatment of *Rehaif* in different contexts.

For example, in *Tate v. United States*, the Ninth Circuit held that *Rehaif* was a statutory interpretation case and "did not invoke any constitutional provision or principle" that could sustain a successive § 2255 motion. *Tate v. United States*, 982 F.3d 1226, 1228 (9th Cir. 2020). And in *United States v. Benamor* and *United States v. Johnson*, the Ninth Circuit did not treat *Rehaif* error as structural and instead conducted plain-error review and held that the error did not affect the defendants' substantial rights or the fairness, integrity, or public reputation of the judicial proceedings. *United States v. Johnson*, 833 F. App'x 665, 668 (9th Cir. 2020); *United States v. Benamor*, 937 F.3d 1182, 1189 (9th Cir. 2019), *cert. denied*, 140 S. Ct. 818 (2020).

And after all, the *Rehaif* court itself remanded the case for harmless error review rather than automatically reversing the conviction. S. Ct. at 2200. For these reasons, the court will not excuse petitioner's failure to show actual prejudice.

c. **Certificate of Appealability**

The right to appeal a court's denial of a § 2255 motion requires a certificate of appealability. To obtain such a certificate, the petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). That is, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims

James C. Mahan
U.S. District Judge

- 4 -

debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077–79 (9th Cir. 2000). Based on this standard and the almost uniform treatment of post-*Rehaif* § 2255 motions in this district, the court denies petitioner a certificate of appealability.

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (ECF No. 387) be, and the same hereby is, DENIED.

The clerk is directed to enter separate civil judgment denying petitioner's § 2255 motion in the matter of *Rodriguez v. United States*, case number 2:20-cv-01151-JCM, and close that case.

DATED October 21, 2022.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 5 -